IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHERYL LYNN FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-4132-JAR |
| | ) | |
| NAYYARSON DELI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Appoint Counsel (ECF No. 4). For the following reasons, Plaintiff's Motion is hereby denied without prejudice.

**I.    Background**

On November 14, 2013, Plaintiff Cheryl Freeman filed a civil complaint in which she asserted a claim of employment discrimination based upon her age pursuant to the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. §§ 621, *et. seq*. The Court subsequently granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**II.    Discussion**

"A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel."[1] "When an Act, such as the ADEA, has no provision for appointment of counsel, the general authority for requesting counsel under 28 U.S.C. §

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (citing *Poindexter v. FBI*, 737 F.2d 1173, 1179 (D.C. Cir. 1984); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir.1982)); *see Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *see also Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV-GLR, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012) ("In general, there is no constitutional right to appointment of counsel in a civil case.").

1915(e)(1) may govern."[2] Section 1915(e)(1) provides courts discretion to "request an attorney to represent any person unable to afford counsel." Further, this provision is limited to persons proceeding in forma pauperis, like Plaintiff in this matter.[3]

When evaluating whether an attorney should be appointed to represent an indigent party under Section 1915(e)(1), courts should evaluate the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and present his or her claims.[4] "The party seeking counsel under § 1915(e)(1) has the burden 'to convince the court' that asserted claims have sufficient merit to warrant the Court requesting an attorney to represent the movant."[5] In addition, the use of the appointment power requires thoughtful and prudent analysis so that willing counsel may be located without coercive appointments.[6] "The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."[7]

When evaluating the merits of a plaintiff's employment discrimination claim, the court may not give preclusive effect to an Equal Employment Opportunity Commission ("EEOC") finding.[8] The Tenth Circuit, after recognizing the expertise of the EEOC, has directed courts to

---

[2] *Rand*, 2012 WL 1154509, at *2.

[3] *Id.*

[4] *Id.* at *3. The Court notes a similar analysis for Title VII cases. *See Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420–21 (10th Cir. 1992) (listing the following factors applicable to the appointment of counsel under Title VII: (1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel, (3) meritorious allegations of discrimination, and (4) in close cases, plaintiff's capacity to present the case without counsel).

[5] *Rand*, 2012 WL 1154509, at *3.

[6] *Castner*, 979 F.2d at 1421.

[7] *Id.* (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-73 (2d Cir. 1989)).

[8] *Castner*, 979 F.2d at 1422 (citing *Poindexter*, 737 F.2d at 1188; *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308 (5th Cir. 1977)).

"make an independent determination of whether a discrimination claim has merit."[9] Although the EEOC does not have a preclusive effect, it is a highly probative factor to be considered.[10] In this case, Plaintiff alleges that she filed a charge of discrimination against Defendant with the EEOC. However, no EEOC findings were filed with the Court for it to evaluate. As a result, the Court must rely on the allegations in Plaintiff's Complaint to evaluate whether Plaintiff's claims are meritorious. After reviewing Plaintiff's Complaint and its attached documents[11] the Court is unable to determine if Plaintiff's claim is meritorious at this time.

Turning to Plaintiff's ability to investigate facts and present her claim, Plaintiff makes no suggestion that she in any way lacks the ability to gather and present facts without counsel. In fact, Plaintiff's filings show that she can adequately communicate with the court. Further, the legal issues presented in this case do not appear complex on their face. While the Plaintiff has indicated she cannot afford to hire an attorney, in the Court's experience attorneys are customarily willing to represent the claimant in a potential meritorious employment discrimination case on a basis other than a hourly fee—such as a contingency fee or upon prevailing in prosecuting the claim.[12] At this juncture, the Plaintiff has not satisfied the Court that she had made a good faith effort to contact any attorney to represent her in this matter.[13] After carefully weighing the factors for appointment of counsel, the Court in its discretion

---

[9] *Id.*

[10] *Id.* (citing *Caston*, 556 F.2d at 1309).

[11] The attached documents to the Complaint include a chronological log of what appears to be Plaintiff's assertions of harassment. Also included is a partially filled out unemployment insurance benefit form.

[12] *See* 29 U.S.C. § 216(b); 29 U.S.C. § 626(b) (referencing the Fair Labor Standards Act (29 U.S.C. § 216(b)) which requires the award of reasonable attorney's fees and costs to a prevailing party); *see generally* 42 U.S.C. § 1988(d) (allowing for attorney's fees in a civil rights action).

[13] *See* Mot. for Appointment of Counsel at 1, ECF No. 4 (stating "Cannot Afford" when asked the lawyers who Plaintiff has made a good faith effort to represent her).

hereby denies without prejudice Plaintiff's Motion to Appoint Counsel. Plaintiff may submit a new application should she have contacted at least six lawyers who have indicated their unwillingness to represent her and also addressing the Court's other concerns expressed above.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 4) is hereby denied without prejudice.

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge